FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT** 2015 OCT 14 P 5: 05
**FOR THE DISTRICT OF MARYLAND**

Southern Division

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

MARK ALAN LURIA,

     Petitioner,

v.                       Case No.: GJH-15-291

SOLOMON HEJERIKA, *et al.*,

     Respondents.

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## MEMORANDUM OPINION

On February 2, 2015, Petitioner Mark Alan Luria filed a Petition for Writ of Habeas Corpus raising allegations of prosecutorial misconduct and *Brady*[1] violations. In response to the Court's Order directing that they answer the Petition, Respondents Solomon Hejerika, Warden, and Brian E. Frosh, Attorney General of Maryland, requested that the Petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). ECF Nos. 2 & 4. Petitioner was granted an opportunity to reply to Respondents' Answer. ECF Nos. 5 & 6. For the reasons set forth herein, the Court will dismiss the Petition as time-barred.

Following his conviction in the Circuit Court for Baltimore County for drug possession with intent to distribute, Luria, a subsequent offender, was sentenced on September 8, 2008, to ten years of incarceration without parole. ECF No. 4-1 at 2. The Court of Special Appeals of Maryland affirmed the conviction in an unreported opinion filed on August 25, 2010. *See* ECF No. 4-2. The mandate issued on September 24, 2010. *See id.* Because Luria did not seek further

---
[1] *See Brady v. Maryland*, 373 U.S. 83 (1963).

review in the Court of Appeals of Maryland, his judgment of conviction became final for direct appeal purposes on October 11, 2010. *See* Md. Rule 8-302 (certiorari petition must be filed in Court of Appeals no later than fifteen days after Court of Special Appeals issues mandate); *see also United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (acknowledging that conviction becomes "'final,' for purposes of [28 U.S.C.] § 2255, on the date when the petitioner could no longer seek direct review").

On October 18, 2011—one year and seven days after his conviction became final—Luria filed a petition for post-conviction relief in Baltimore County Circuit Court. ECF No. 4-1 at 6. Post-conviction relief was denied, *id.*, and leave to appeal was denied by the Court of Special Appeals on January 25, 2013, with the mandate issuing on February 26, 2013. ECF No. 4-3. Nearly two years later, on February 2, 2015, the Clerk received Luria's habeas corpus Petition, signed January 20, 2015.[2] ECF No. 1.

Respondents argue that the Petition is time-barred. Luria counters that this Court should deem his Petition timely because post-conviction counsel failed to timely inform him that his motion for leave to appeal the denial of post-conviction relief had been rejected, thus causing delay in filing the pending habeas corpus petition. ECF No. 6 at 2. The one-year limitation period which applies to habeas petitions begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). That limitation period is tolled, however, while a properly filed application for state post-conviction relief is pending. *Id.* § 2244(d)(2).

---

[2] The Petition is deemed filed on the date it is delivered to prison authorities for forwarding by depositing it in the prison mailbox. *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City Police Department*, 947 F.2d 733, 734–35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919–920 (D. Md. 1998).

Here, the limitations period began to run no later than October 11, 2010, after the time for seeking certiorari following the denial of Luria's direct appeal expired. The limitation period to file a Petition for Writ of Habeas Corpus therefore expired on October 11, 2011. Because there were no post-conviction or other collateral proceedings pending in state court prior to or on October 11, 2011 that would have tolled the limitations period, Luria's petition is time-barred.

Nor is Luria entitled to equitable tolling of the limitation period. In order to be entitled to equitable tolling, Luria must establish either that some wrongful conduct by Respondents contributed to the delay in filing his federal habeas corpus petition, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse*, 339 F.3d at 246; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way."); *Holland v. Florida*, 560 U.S. 631, 648 (2010) (equitable tolling limited to extraordinary circumstance). Luria provides no explanation for his delay in filing a post-conviction petition following the expiration of his direct appeals. To the extent the delay might be attributed to his lack of understanding of the law, *see* ECF No. 6 at 3, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004).

Luria has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred. Accordingly, the court will dismiss the Petition. A certificate of appealability will not issue because Luria has not made a "substantial

showing of the denial of a constitutional right."[3] *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

A separate order follows.

Dated: October /⁴, 2015

GEORGE J. HAZEL
United States District Judge

---

[3] Denial of a certificate of appealability in this Court does not preclude Luria from requesting a certificate of appealability from the appellate court.